**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

JOSHUA GREEN, Plaintiff,

v.

TEXANS FOR DAN PATRICK, Defendant.

United States Courts
Southern District of Texas
FILED
OCT 20 2026
Nathan Ochsner, Clerk of Court

Civil Action No.: ____________________

**PLAINTIFF'S CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Joshua Green, appearing pro se, files this Civil Complaint against Defendant, TEXANS FOR DAN PATRICK, alleging willful violations of the federal Telephone Consumer Protection Act (TCPA) and the Texas Telephone Solicitations made for Purpose of Solicitation statute (Texas Mini-TCPA), and respectfully states as follows:

## I. INTRODUCTION

1. This is a consumer protection action brought under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Texas Business and Commerce Code Chapters 302 and 305, arising from Defendant's unlawful, automated, and non-consensual transmissions of six (6) promotional text messages directed to Plaintiff's personal cellular phone number after Plaintiff explicitly revoked any prior consent.

## II. JURISDICTION AND VENUE

2. Subject Matter Jurisdiction: This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the primary claims asserted herein arise directly under a federal statute, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

3. Supplemental Jurisdiction: This Court has supplemental jurisdiction over Plaintiff's Texas state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy and arise from an identical nucleus of operative facts.

4. Personal Jurisdiction: This Court has personal jurisdiction over Defendant because Defendant is a political campaign committee organized, registered, and operating within the State of Texas, and its tortious, unlawful telecommunications conduct was intentionally directed at a resident of this judicial district.

5. Venue: Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this district, where Plaintiff received the unlawful automated text messages on Plaintiff's mobile device.

## III. PARTIES

6. Plaintiff, Joshua Green, is an individual consumer residing at 31327 Greenville Creek Ln, Hockley, TX 77447. Plaintiff is the sole subscriber, owner, and primary user of the cellular telephone number (832) 847-8615.

7. Defendant, TEXANS FOR DAN PATRICK, is a political campaign committee registered with the Texas Ethics Commission. Plaintiff identifies the following mailing address for Defendant, subject to verification of its registered agent and proper service address: P.O. Box 685085, Austin, TX 78768, or wherever they may be found.

## IV. STATEMENT OF FACTS

8. On or around October 9, 2026, Defendant began targeting Plaintiff's cellular telephone line with political mass text transmissions utilizing the automated telephone number +1 (832) 906-4448.

9. On October 9, 2026, at approximately 12:11 PM, Plaintiff explicitly and unequivocally revoked any express or implied consent to receive automated messages from Defendant by transmitting text messages stating: "What company is this" and "Revoke consent as of now". A true and correct copy of this text transmission is attached hereto as Exhibit A.

10. Bypassing and completely ignoring Plaintiff's explicit revocation of consent, Defendant's automated messaging platform immediately and continuously transmitted an additional six (6) promotional campaign text messages to Plaintiff's wireless device post-revocation. True and correct copies of these subsequent post-revocation text messages are attached hereto as Exhibit B.

11. The rapid cadence, systemic timing, and scale of these subsequent transmissions are alleged by Plaintiff to reflect automated transmission. Whether the equipment meets the statutory definition of an automatic telephone dialing system requires proof.

## V. CAUSES OF ACTION

### COUNT I: WILLFUL AND KNOWING VIOLATIONS OF THE FEDERAL TCPA (47 U.S.C. § 227(b))

12. Plaintiff realleges and incorporates paragraphs 1 through 11 as if fully set forth herein.

13. Plaintiff alleges that Defendant sent text messages using equipment meeting the statutory definition of an automatic telephone dialing system without legally sufficient consent, in violation of 47 U.S.C. § 227(b).

14. Under 47 U.S.C. § 227(b)(3), a consumer retains a private right of action to recover statutory damages of $500.00 for each individual violation of the statute.

15. Because Defendant transmitted six (6) automated campaign text messages after receiving clear, written notice that consent was revoked, Defendant committed six (6) separate willful and knowing violations of the statute.

16. Pursuant to 47 U.S.C. § 227(b)(3)(C), because Defendant acted willfully and knowingly, this Court has the statutory discretion to treble the baseline damages up to $1,500.00 per individual violation, resulting in a federal statutory penalty of $9,000.00 for Count I.

### COUNT II: VIOLATIONS OF THE TEXAS MINI-TCPA AND DECEPTIVE TRADE PRACTICES ACT (TEX. BUS. & COM. CODE §§ 302.001 et seq. & 305.001 et seq.)

17. Plaintiff realleges and incorporates paragraphs 1 through 11 as if fully set forth herein.

18. Under the Texas Business and Commerce Code, as expanded under Texas Senate Bill 140, telephone solicitations explicitly include automated text and multimedia electronic transmissions sent to Texas consumers.

19. Pursuant to Tex. Bus. & Com. Code §§ 302.302 and 305.054, a violation of these chapters constitutes a false, misleading, or deceptive act or practice actionable under the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA).

20. Under the DTPA framework governing unauthorized telemarketing and automated text messaging programs, statutory penalties range from $500.00 to $5,000.00 per individual violation. Furthermore, upon a showing that the defendant acted knowingly or intentionally, the court is authorized to award treble damages up to a maximum of $15,000.00 per individual violation.

21. Defendant violated Texas law by deploying an un-consented automated system to transmit non-commercial spam to Plaintiff's device. Because Defendant acted knowingly and with total disregard for Plaintiff's explicit opt-out command across six separate incoming text transmissions, Plaintiff seeks damages under Texas law as alleged, totaling $90,000.00 for Count II, to the extent authorized by the applicable statute and supported by the evidence.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, TEXANS FOR DAN PATRICK, awarding Plaintiff the following relief:

1. Statutory treble damages under federal law (47 U.S.C. § 227(b)(3)) in the amount of $9,000.00;

2. Statutory treble damages under the Texas Business and Commerce Code and DTPA framework in the amount of $90,000.00;

3. A combined cumulative statutory award of $99,000.00;

4. An award ordering Defendant to pay all taxable court costs, filing fees, and service of process expenses incurred by Plaintiff in pursuing this civil action; and

5. Such other and further relief, both at law and in equity, as this Court deems just and proper.

**VII. DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated: 10/20/26

Respectfully submitted,

/s/ Joshua Green

Joshua Green
Plaintiff Pro Se
31327 Greenville Creek Ln
Hockley, TX 77447
Telephone: (832) 847-8615

**Exhibits referenced but not included:** Exhibit A (revocation text) and Exhibit B (six subsequent messages).